STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2025 CA 0240

JOEL COLBY STEVENS

VERSUS

HOSPITAL SERVICE DISTRICT NUMBER 1 OF TANGIPAHOA PARISH D/B/A NORTH OAKS HEALTH SYSTEM AND NORTH OAKS OCCUPATIONAL HEALTH

JUDGMENT RENDERED: **DEC 1 9 2025**

* * * * * * *

Appealed from the Twenty-First Judicial District Court
Parish of Tangipahoa • State of Louisiana
Docket Number 2020-0002314 • Division D

The Honorable Brian K. Abels, Presiding Judge

* * * * * * *

Tony B. Jobe
Covington, Louisiana

COUNSEL FOR APPELLANT
PLAINTIFF—Joel Colby Stevens

Craig J. Robichaux
Elisia S. Tipton
Mandeville, Louisiana

COUNSEL FOR APPELLEE
DEFENDANT—Hospital Service
District No. 1 of Tangipahoa Parish
d/b/a North Oaks Health System and
North Oaks Occupational Health

* * * * * * *

BEFORE: MILLER, EDWARDS, AND FIELDS, JJ.

Miller, J concurs

**EDWARDS, J.**

Plaintiff appeals a judgment of the district court that granted a motion for summary judgment filed by Defendant and dismissed Plaintiff's lawsuit seeking damages for Defendant's alleged fraud and negligence with prejudice. For the reasons that follow, we reverse.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Joel Colby Stevens, was a licensed commercial helicopter pilot and certified flight instructor. In order to be employed in either capacity, Stevens was required to hold both a pilot's license and a medical certificate, both of which are issued by the Federal Aviation Administration ("FAA"). See 14 C.F.R. §§ 61.3(c) & 61.23(a).

On or about September 11, 2019, Stevens was offered conditional employment as a commercial helicopter pilot with Bristow, U.S., LLC subject to a pre-employment drug test. Stevens reported to North Oaks Occupational Health in Hammond, Louisiana ("the clinic") on October 3, 2019, to complete a urine drug screening. Stevens made several attempts during his October 3, 2019 visit to provide a sufficient volume of urine for testing as required by U.S. Department of Transportation ("DOT") regulations but was unable to do so. Despite being warned that leaving the clinic before completing the drug test would be considered a refusal to test, Stevens left the clinic without providing a sufficient sample for drug testing approximately one and a half hours after his arrival.

After learning Stevens left the clinic without completing the test, Bristow rescinded its offer of employment to Stevens the next day. Bristow also reported Stevens' failure to complete the drug test to the FAA in accordance with 14 C.F.R.

2

§ 120.111(d).[1] The FAA later revoked Stevens' pilot's license and medical certificate following an investigation.

On September 4, 2020, Stevens filed a petition for damages in the 21st Judicial District Court ("the 21st JDC suit"), naming Hospital Service District No. 1 of Tangipahoa Parish d/b/a North Oaks Health System and North Oaks Occupational Health ("North Oaks") as the sole defendant. Stevens asserted that the collector at the clinic ("Flanagan") failed to adhere to the mandatory "shy bladder" procedures provided in 49 C.F.R. § 40.193 for Stevens' urine collection by failing to urge Stevens to drink up to 40 ounces of water reasonably distributed over up to three hours or until a sufficient specimen was provided.

Stevens also alleged Flanagan "engaged in subsequent fraudulent conduct to cover up her misconduct[,]" including misrepresenting to Bristow and the FAA that she gave Stevens the required 40 ounces of water to drink; failing to document that Stevens tried three separate times during his visit to the clinic on October 3, 2019, to provide a sufficient sample; falsely documenting in the electronic record that Stevens left the clinic before the test was completed; incorrectly advising Stevens that "he would just need to get another authorization form from Bristow and try again another day"; and later, giving inaccurate information to an FAA investigator.

Stevens also alleged Flanagan consulted with her supervisor, Jennifer Murry, who completed official documentation for Stevens' visit to the clinic although she did not personally meet with Stevens and spoke to a Bristow representative regarding the incomplete test. Stevens alleged that Murry "knew or should have known her intentional misrepresentation . . . would damage or destroy Mr. Stevens' career and reputation." Stevens asserted in the 21st JDC suit that the actions of Flanagan and

---

[1] Employers must notify the FAA within two working days of any employee who holds an FAA-issued medical certificate who has refused to submit to a drug test required under the DOT regulations. See 14 C.F.R. § 120.111(d).

Murry led to North Oaks inaccurately reporting to Bristow that Stevens left the clinic before completing his mandatory drug test, which resulted in Bristow rescinding its job offer and the FAA revoking his pilot's license and medical certificate.

Stevens asserted that North Oaks acted in a "careless, negligent, intentionally negligent, wanton[,] and fraudulent manner" by failing to properly train and supervise its employees, failing to follow standardized urine collection protocols, generating and disseminating an erroneous electronic record of Stevens' visit to the clinic to Bristow and the FAA, generating and disseminating Flanagan's and Murry's false statements to Bristow and the FAA, and conspiring to suppress the truth of Flanagan's "fatally flawed collection" from both Bristow and the FAA to Stevens' detriment. Stevens prayed for judgment against North Oaks "in a sum to compensate him for his damages as allowed by law[,]" including but not limited to loss of past and future income and other economic losses, attorney's fees, and costs. North Oaks filed an answer to the 21st JDC suit on March 12, 2021.

On June 10, 2021, North Oaks filed an exception raising the objection of res judicata, in which North Oaks alleged Stevens' causes of action against it in the 21st JDC suit are precluded by "issue preclusion." According to North Oaks, the issue at stake in the 21st JDC suit is identical to the one decided by the U.S. Fifth Circuit in **Stevens v. Administrator, Federal Aviation Administration**, 829 F. Appx. 690 (5th Cir. 2020) (*per curiam*) ("the FAA suit"), wherein the federal court denied Stevens' petition for review of the FAA order revoking his medical certificate.[2] North Oaks alleged that in both the FAA suit and the 21st JDC suit, Stevens claimed North Oaks and its employees acted negligently when he appeared for his drug test and their negligence caused the FAA to revoke his authorization. North Oaks urged

---

[2] The authority of the FAA Administrator under 49 U.S.C. § 44703 to issue, renew, or deny a medical certificate is delegated to the Federal Air Surgeon pursuant to 14 C.F.R. § 67.407. The U.S. Fifth Circuit has subject matter jurisdiction over Stevens' challenge to the order revoking his medical certificate pursuant to 49 U.S.C. § 46110.

4

the district court to dismiss the 21st JDC suit because "[a]ll of the arguments made in [the 21st JDC suit] have been previously litigated in the [U.S.] Fifth Circuit and are therefore precluded under the doctrine of issue preclusion." Stevens opposed the exception.

After a hearing on August 23, 2021, the district court issued a judgment signed September 27, 2021, overruling North Oaks' exception raising the objection of res judicata. North Oaks filed a notice of intent to seek supervisory review from this court, and this court ultimately denied the writ application. See **Stevens v. Hospital Service District No. 1 of Tangipahoa Parish**, 2022-0069 (La. App. 1 Cir. 4/25/22), 2022 WL 1210974 (unpublished writ action).

North Oaks filed a motion for summary judgment on July 30, 2024. Therein, North Oaks argued that Stevens will be unable to meet his burden of proving any set of facts that would support his case against it, namely because Stevens' choice to leave the clinic before testing was completed is deemed a "refusal to test" pursuant to 49 C.F.R. § 40.193(b)(3) (2019)[3] regardless of North Oaks' actions. Additionally, North Oaks reasserted its argument that issue preclusion applies. Since the FAA suit, an administrative law judge ("ALJ") affirmed the FAA's revocation of Stevens' commercial pilot's license.[4] See **In the Matter of Michael Whitaker, Administrator, Federal Aviation Administration v. Joel C. Stevens**, NTSB Docket No. SE-30827 (Jan. 25, 2024) ("the NTSB suit"). North Oaks argued the FAA suit and the NTSB suit both put "what occurred at [the clinic] on October 3, 2019 . . . squarely before the court." In support of its motion, North Oaks attached Stevens' 21st JDC suit; the U.S. Fifth Circuit opinion on the FAA suit; the transcript

---

[3] Title 49 of the Code of Federal Regulations was significantly revised several years after the events forming the basis of this lawsuit. The current version of 49 C.F.R. § 40.193(b)(3) is now designated as 49 C.F.R. § 40.193(b)(1)(iii), which provides that "the employer decides whether the situation is deemed to be a refusal."

[4] Review of the FAA's decision to revoke Stevens' commercial pilot's license is authorized under 49 U.S.C. § 44709(d).

5

of the ALJ's ruling on the NTSB suit; Stevens' responses to North Oaks' request for admissions; and North Oaks' answers to interrogatories and requests for production of documents.

Stevens opposed the motion. Stevens first argued that North Oaks' motion should be denied because it was not properly supported per La. C.C.P. art. 966(F), as it "fails to inform the Court, or the Plaintiff," of the elements of each claim on which it alleges there is no genuine issue of material fact. As to the merits of North Oaks' motion for summary judgment, Stevens argued that North Oaks owed a duty of care to Stevens to (1) properly train and supervise its employees administering drug tests; (2) accurately and properly collect Stevens' urine specimen to be submitted for testing; and (3) accurately and properly report the events of the drug test collection, and he asserted that all three of those duties were breached. Stevens also asserted that Murry "purposefully" created and disseminated a document accusing Stevens of refusing a mandatory urine drug test collection, falsely represented herself to Bristow as the collector of Stevens' urine specimen, and reported the events of Stevens' visit to the clinic inaccurately. Stevens asserted that "[b]ut for [North Oaks'] negligent and fraudulent actions and omissions," he would not have been denied employment, lost his FAA-issued licenses necessary for his career as a commercial pilot, or suffered damage to his personal and professional reputation.

Stevens also addressed issue preclusion in his opposition. According to Stevens, North Oaks' issue preclusion argument as it pertains to the FAA suit should not be considered because it was fully briefed and argued via peremptory exception in 2021.[5] As to the NTSB suit, Stevens argued that this ruling is currently on appeal

---

[5] We note a denial of supervisory review is merely a decision not to exercise the extraordinary powers of supervisory jurisdiction and does not bar reconsideration of, or a different conclusion on, the same question when an appeal is taken from a final judgment. **Guidry v. USAgencies**

6

to the National Transportation Safety Board; therefore, since Stevens had not exhausted all administrative remedies at that point, Stevens asserted the ALJ's decision is not a final judgment, and res judicata is inapplicable.

The district court held a hearing on North Oaks' motion for summary judgment on November 4, 2024. After argument from counsel, the district court granted North Oaks' motion for summary judgment from the bench and dismissed the 21st JDC suit.[6] The district court explicitly declined to grant summary judgment on the basis of issue preclusion because the ALJ's ruling in the NTSB suit had not yet been appealed. Nevertheless, the district court concluded summary judgment was warranted on the merits because the only two facts it determined to be material to this case—that Stevens failed to provide a sufficient specimen and that Stevens left the clinic before the test was completed—were undisputed.

The district court signed a judgment memorializing its in-court rulings on November 13, 2024. Stevens appealed, arguing that the district court erred in concluding there were no questions of material fact that precluded summary judgment in North Oaks' favor. Specifically, Stevens contends the district court erred in finding North Oaks' supporting documents proved the essential facts necessary to carry its burden of proof and in failing to find Stevens' evidence did not demonstrate a genuine issue of material fact, to correctly apply Louisiana negligence law to the facts of the case, and to adjudicate Stevens' fraud claim before granting summary judgment and dismissing his entire state suit.

---

**Casualty Insurance Company, Inc.**, 2016-0562 (La. App. 1 Cir. 2/16/17), 213 So.3d 406, 414, writ denied, 2017-0601 (La. 5/26/17), 221 So.3d 81.

[6] Both parties also submitted timely objections to summary judgment evidence. The district court ruled on the evidentiary objections before ruling on the merits of North Oaks' summary judgment; it sustained Stevens' objections but overruled North Oaks' objection. These evidentiary rulings are not before us on appeal.

## LAW AND DISCUSSION

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. **Jenkins v. Hernandez,** 2019-0874 (La. App. 1 Cir. 6/3/20), 305 So.3d 365, 370, writ denied, 2020-00835 (La. 10/20/20), 303 So.3d 315. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The only documents that may be filed or referenced in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, certified copies of public documents or public records, certified copies of insurance policies, authentic acts, private acts duly acknowledged, promissory notes and assignments thereof, written stipulations, and admissions. La. C.C.P. art. 966(A)(4)(a).

The burden of proof on summary judgment rests with the mover. See La. C.C.P. art. 966(D)(1). The mover can meet this burden by filing or referencing supporting documentary evidence permitted under La. C.C.P. art. 966(A)(4) with the motion for summary judgment. See **Jenkins**, 305 So.3d at 370. The mover's supporting documentary evidence must prove the essential facts necessary to carry the mover's burden. **Jenkins**, 305 So.3d at 370. Thus, in deciding a motion for summary judgment, it must first be determined whether the supporting documents presented by the mover are sufficient to resolve all material fact issues. **Jenkins**, 305 So.3d at 370-71.

Once the mover properly establishes the material facts by its supporting documents, the mover does not have to negate all of the essential elements of the adverse party's claim, action, or defense. **Jenkins**, 305 So.3d at 371. The moving party must only point out to the court the absence of factual support for one or more

elements essential to the adverse party's claim, action, or defense. See La. C.C.P. art. 966(D)(1). The burden then shifts to the non-moving party to produce factual support, through the use of proper documentary evidence filed or referenced in opposition to the motion, that establishes the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. See **Jenkins**, 305 So.3d at 371 (citing La. C.C.P. art. 966(D)(1)). If the non-moving party fails to produce sufficient factual support in its opposition that proves the existence of a genuine issue of material fact, La. C.C.P. art. 966(D)(1) mandates the granting of the motion for summary judgment. **Jenkins**, 305 So.3d at 371.

In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria governing the district court's determination of whether summary judgment is appropriate. **Jenkins**, 305 So.3d at 371. Thus, appellate courts ask the same questions: whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. **Jenkins**, 305 So.3d at 371. In its memorandum in support of its motion for summary judgment, North Oaks raised two grounds for summary judgment: (1) issue preclusion; and (2) Stevens' failure to complete the drug test.

### *Issue Preclusion*

In **R. G. Claitor's Realty v. Juban**, 391 So.2d 394, 397 (La. 1980), the Louisiana Supreme Court recognized that a plea of res judicata may be raised by a motion for summary judgment when there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. In this case, North Oaks based its argument, in part, on issue preclusion, a subset of res judicata, see **Stewart v. City of Hammond**, 2020-0851 (La. App. 1 Cir. 3/29/21), 322 So.3d 1253, 1257, by filing a motion for summary judgment.

The burden of proof is on the pleader to establish the essential facts to sustain the plea of res judicata. **Borja v. FARA**, 2016-0055 (La. 10/19/16), 218 So.3d 1,

10 n.3. Therefore, pursuant to La. C.C.P. art. 966(D)(1), North Oaks must provide documentary evidence to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law in order to have Stevens' case dismissed on the basis of res judicata. See **Horrell v. Alltmont**, 2019-0945 (La. App. 1 Cir. 7/31/20), 309 So.3d 754, 757-58 (citing La. C.C.P. art. 966(A)(3)). If the supporting documents presented by North Oaks are sufficient to resolve all material issues of fact, only then would the burden shift to Stevens to present evidence showing that a material fact is still at issue. See **Horrell**, 309 So.3d at 759 (citing La. C.C.P. art. 966(D)(1)).

When a state court is required to determine the preclusive effects of a judgment rendered by a federal court exercising federal question jurisdiction, it is the federal law of res judicata that must be applied. **Stewart**, 322 So.3d at 1257. Federal law embraces the broad usage of the phrase "res judicata" to include both claim preclusion (res judicata) and issue preclusion (collateral estoppel). See **Stewart**, 322 So.3d at 1257.

Claim preclusion or "true res judicata" treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same "claim" or "cause of action." **Stewart**, 322 So.3d at 1258. Therefore, claim preclusion will apply to bar a subsequent action on res judicata principles where parties or their privies have previously litigated the same *claim* to a valid final judgment. **Stewart**, 322 So.3d at 1258. The doctrine of collateral estoppel, or issue preclusion, which North Oaks asserts applies here, bars the relitigation of *issues* actually litigated and necessarily decided in an earlier case between the same parties. See **Stewart**, 322 So.3d at 1258. Under collateral estoppel, once an issue of ultimate fact is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. See **B & B Hardware, Inc.**

10

**v. Hargis Industries, Inc.**, 575 U.S. 138, 147, 135 S.Ct. 1293, 1302, 191 L.Ed.2d 222 (2015); see also **Stewart**, 322 So.3d at 1258.

Thus, collateral estoppel prevents litigation of an issue when (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision.[7] **Bradberry v. Jefferson County, Tex.**, 732 F.3d 540, 548 (5th Cir. 2013); see also **Stewart**, 322 So.3d at 1258. With collateral estoppel, unlike with claim preclusion, the subject matter of the later suit need not have any relationship to the subject matter of the prior suit. See **Kariuki v. Tarango**, 709 F.3d 495, 506 (5th Cir. 2013).

In **Hacienda Records, L.P. v. Ramos**, 718 F.Appx. 223, 230 (5th Cir. 2018) (*per curiam*), the U.S. Fifth Circuit noted that it "has consistently followed the strict approach to finality, linking the availability of appeal for the prior decision with finality for collateral-estoppel purposes." Pursuant to 49 U.S.C. § 44709(f), a person substantially affected by an order of the National Transportation Safety Board may seek judicial review of the order under 49 U.S.C. § 46110. Thereafter, the decision by a court pursuant to 49 U.S.C. § 46110 is reviewable by the Supreme Court. See 49 U.S.C. § 46110(e). Stevens asserts that the NTSB suit is currently on appeal, and there is nothing in the record refuting that. Therefore, in accordance with the federal jurisprudence on collateral estoppel, the NTSB suit cannot form the basis of res judicata.

---

[7] Some U.S. Fifth Circuit decisions recognize a fourth factor: whether there are any special circumstances that make it unfair to apply the doctrine. These equitable considerations apply only to "offensive collateral estoppel." **Bradberry**, 732 F.3d at 548. "[O]ffensive use of collateral estoppel occurs when the plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party." **Parklane Hosiery Co. v. Shore**, 439 U.S. 322, 326 n.4, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). However, the **Bradberry** court clarified that this fourth element only comes into play when both parties were litigants in the prior action. See **Bradberry**, 732 F.3d at 549. Nonetheless, the issue before us here is "defensive use" of collateral estoppel, *i.e.*, when a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant. **Parklane Hosiery Co.**, 439 U.S. at 326 n.4.

We also find that res judicata does not apply to the FAA suit. Collateral estoppel does not preclude litigation of an issue unless both the facts and the legal standard used to assess them are the same in both proceedings. **Copeland v. Merrill Lynch & Co., Inc.**, 47 F.3d 1415, 1422 (5th Cir. 1995). Although the matters in the FAA suit and the 21st JDC suit appear to arise out of the same set of facts, the issue presently under consideration is whether North Oaks negligently administered Stevens' urine drug test and whether North Oaks fraudulently misrepresented the events of Stevens' specimen collection to Bristow and the FAA. Conversely, the objective of the FAA suit was to determine whether the FAA properly withdrew Stevens' discretionary authorization for a special issuance medical certificate pursuant to 14 C.F.R. § 67.401(f).

When reviewing the FAA's decision regarding an authorization for a special issuance medical certificate, courts of appeal deem the FAA's factual findings "conclusive" if supported by "substantial evidence." See **Dickson v. F.A.A.**, 480 F.Appx. 263, 266 (5th Cir. 2012) (*per curiam*). Substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." **Dickson**, 480 F.Appx. at 266 (quoting **Ellis v. Liberty Life Assur. Co. of Boston**, 394 F.3d 262, 273 (5th Cir. 2004)). In contrast, Stevens' claims against North Oaks in the 21st JDC suit are governed by the ordinary principles of tort law, where he must prove every element of the claims asserted by a preponderance of the evidence. See **Rainey v. Knight**, 2023-0133 (La. App. 1 Cir. 11/3/23), 378 So.3d 116, 122.

The "substantial evidence" legal standard employed by the U.S. Fifth Circuit in the FAA suit is a different and much lower standard than the standard that must be applied to Stevens' claims in the 21st JDC suit. Accordingly, the application of collateral estoppel to the issues presented in the 21st JDC suit would be

12

inappropriate. Therefore, we find the district court did not err in declining to grant summary judgment on the basis of res judicata.

### Summary Judgment

The majority of North Oaks' argument in support of its motion for summary judgment centers around issue preclusion, which we find inapplicable in this case. Nevertheless, North Oaks included one short paragraph as to why summary judgment is warranted in the event its issue preclusion argument was rejected. North Oaks stated that it is undisputed that Stevens left the clinic before completing the drug test, which is deemed to be a refusal to test under 49 C.F.R. § 40.193 (2019). North Oaks then stated that "[t]he consequences of that refusal are determined by others unrelated to [North Oaks,] . . . [and] [a]s such, [North Oaks] has no liability." We can find no law or regulation that would relieve North Oaks of all liability to Stevens because he left the clinic prior to the expiration of the three hours afforded to him under the shy bladder procedures. North Oaks retained the duty to comply with the Code of Federal Regulations' shy bladder procedures both during and after Stevens' visit to the clinic as well as all general duties owed to Stevens under Louisiana law. Specifically, North Oaks' duty to properly train and supervise its drug testing employees; accurately and properly collect Stevens' urine specimen to be submitted for testing; and accurately and properly report the events of the drug test collection is not vitiated by Stevens' decision to leave the clinic "early."

A summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time. La. C.C.P. art. 966(F). A summary judgment decided on issues other than those raised by the parties is legally erroneous. **Guilbeau Marine, Inc. v. Ledet**, 2023-0065 (La. App. 1 Cir. 9/15/23), 375 So.3d 977, 984, writ denied, 2023-01369 (La. 12/19/23), 375 So. 3d 411. The purpose of the restriction codified in La. C.C.P. art. 966(F) is to inform the opponent of the summary judgment motion of the elements on which

there allegedly is no genuine issue of material fact and to avoid surprise. **Guilbeau Marine**, 375 So.3d at 984. Failure to enforce La. C.C.P. art. 966(F) results in a non-mover on a motion for summary judgment being required to respond to the motion by submitting evidence that it will be able to carry its burden of proof as to all essential elements of his claim, regardless of whether a particular element of his claim was placed at issue by the motion or not. **Guilbeau Marine**, 375 So.3d at 984. Requiring a non-mover to essentially try their entire case to the court in response to a motion for summary judgment is contrary to the stated purpose of the summary judgment procedure, *i.e.*, to secure the just, speedy, and inexpensive determination of every action. See La. C.C.P. art. 966(A)(2); **Guilbeau Marine**, 375 So.3d at 984. Because North Oaks did not address the specific elements of Stevens' negligence and fraud claims that he will allegedly be unable to prove at trial, summary judgment may not be rendered or affirmed based on those issues, regardless of whether the supporting documents filed with the motion would satisfy the individual defendants' burden for summary judgment. **Troncoso v. Point Carr Homeowners Association**, 2022-0530 (La. App. 1 Cir. 1/10/23), 360 So.3d 901, 916. Therefore, we find the district court erred in granting summary judgment in favor of North Oaks.

## DECREE

The district court's November 13, 2024 judgment rendering summary judgment in favor of Defendant, Hospital Service District No. 1 of Tangipahoa Parish d/b/a North Oaks Health System and North Oaks Occupational Health, and dismissing the petition for damages filed by Plaintiff, Joel Colby Stevens, with prejudice is hereby reversed. All costs of the appeal are assessed to Defendant, Hospital Service District No. 1 of Tangipahoa Parish d/b/a North Oaks Health System and North Oaks Occupational Health.

**JUDGMENT REVERSED.**